Good morning. May it please the Court, Michael Tanaka appearing on behalf of Mr. Leal-Felix. The issue here is a relatively simple one. That's whether Mr. Leal-Felix's second citation for driving with a suspended license following by two days his first citation should have been counted in his criminal history. The short answer is no. That issue is Section 4A.1.2 of the guidelines, which instructs not to count two cases sentenced together, and these cases were sentenced together, if they aren't separated by intervening arrest. Here, since both involve citations and not arrests, the clear answer is no, you don't count them, both of them, because there was no arrest. He was only cited. Counsel, the difficulty I have with your argument is that I recently got a speeding ticket in South Carolina. And on the citation, it said that I was arrested and that I could post bail by paying the amount of the ticket. So why isn't that the equivalent of arrest? And I have an arrest record now. Arrest is a term that has a number of different uses. Clearly, in some sense, that is an arrest, but it's also a citation. Now, the sense that the guidelines, we're urging the guidelines are using that term in this case is the sense of a custodial arrest. And there's clear demarcations in the law between a custodial arrest and a citation slash arrest. What is the purpose of that language in the guideline? The purpose is the notion that if you have two cases, then you're somewhat more culpable than someone that has just one. Well, what's the purpose of the language intervening, not separated by an intervening arrest? What's the purpose of that language? That purpose is to shout out a demarcation between cases in the sense that if they're considered, if they're sentenced together and they're just one sort of all one sort of incident, then they shouldn't be counted twice. And the sense is that if someone hasn't learned for the first time, he's more culpable than someone who has picked up two separate cases and two separate incidents. Here, the culpability, that notion is lessened because it is just a citation. He wasn't taken into custody. In the metaphysical sense, but in the metaphysical sense, you're in custody, right? I don't think that we should import a metaphysical sense. Well, here's the point. Not many people feel free to drive away. If you're getting a citation, you wouldn't feel free to drive away while the officer is writing you the ticket. So why isn't there custody at that point? It's certainly it's you're not free to leave at that point. And as you've mentioned, your citation said arrest. So in a sense, your freedom of movement has been impeded. Mr. Bowell, isn't that the difference between a temporary detention and an arrest? And so, for example, in Morgan, where now Chief Judge Easterbrook said it was an arrest and cited Wren, Wren doesn't hold that. And there was no pinpoint site. And I've read Wren 10 different times. And nowhere in Wren does it say that it was an arrest. It says it's a detention or a seizure. But not every seizure is an arrest. The United States Supreme Court has said that repeatedly. So isn't that the response? Sure. I like your response better than mine. So do I. And that's pointed out in the case cited in the brief in Knowles where the. But do you have to post bail when there is a detention? Not necessarily. You don't have to necessarily post bail when you're cited either. Well, there's a bail imposed. And if you don't pay that bail, you can be arrested. So if you have a Terry stop, there's no requirement to pay bail or make a court appearance or anything. But if you get a traffic citation, there's bail imposed and you have to make a court appearance. So how is that a detention or a temporary seizure if there are consequences that follow thereafter? It's sort of a continuum, Your Honor. But the point is, at what point do we call it an arrest for purposes of the guidelines? And I submit that the point is that when there's custody. We see all kinds of cases where there's no intervening arrest between crimes. Well, take the case where somebody drives from. He robs a bank in Las Vegas and drives over to Bullhead, Arizona and robs another bank. Now they're in two different districts. No intervening arrest. Does he get the benefit of one crime? There's no history. I don't believe so, Your Honor. It's likely in that case that they're not going to be sentenced together and they're going to be treated differently. So what's the difference here? In this case, there's only a couple of days between this unlicensed driver being caught driving. But what's the difference? What difference should it make on criminal history whether he has one, two, three, or four? Unless you want to call it a crime spree and say he wins because he's on a crime spree. Well, I think the difference is that there are a number of requirements before they'll be considered related and together. One, there has to be no intervening arrest. And two, even if that's the case, they have to be sentenced together. And that's sort of the complex of that is what makes this not as serious for criminal history. He picks up two citations within a two-day period that both dealt with together, and that's critical and essential. And he receives the same punishment for both of them. And they also happen within two days of each other, both citations. Mr. Tonka, I'm sorry, I called you Mr. Botwell. I apologize. Mr. Tonka, I wanted to return to the meaning of the word arrest. As I read the record in the district court, you cited the district court, Berkemer v. McCarty, the United States Supreme Court case. You didn't include it in your brief, but it's got a very interesting footnote, footnote 26, and it says state laws governing whether a motorist detained pursuant to his traffic stop may or must be issued a citation instead of taken into custody vary significantly. But no state requires that a detained motorist be arrested unless he is accused of a specific serious crime, refuses to promise to appear in court, or demands to be taken before a magistrate. Now, evidently, South Carolina changed their law. But what do you think of that footnote? Admittedly, in the context of a Miranda Fifth Amendment decision, but that footnote to me clearly indicates that there is a difference between a citation and an arrest. As a matter of fact, no state considers a citation an arrest. Judge Bennett, you should be reliant on hearing I am because you're making my arguments better than I have. I agree. And in California, where this case arises, that is the case. Do you have a case citation from California that says citations are not the equivalent of arrests? I believe I cite in my brief Penal Code Section 834, which is the very definition of arrest, which is defined as taking a person into custody. And then what about Knowles v. Iowa, a more recent case where the Supreme Court said an Iowa police officer stopped Petitioner Knowles for speeding but issued him a citation rather than arresting him and then refused to extend the search incident to arrest to what Iowa was claiming was a search incident to citation. Doesn't that support your view that the plain meaning of arrest does not include citation? Yeah, I believe it does, Your Honor, and that's one I did cite in my brief. You guys should switch seats. It's been 16 years, but I enjoyed it when I was there. I wouldn't mind that. Well, let me ask you this. Would an average citizen, if you went out and took 1,000 average citizens and gave them a hypothetical, which I think we've all encountered, I know I have in addition to Judge Rollinson, if you're stopped on a traffic stop and issued a citation and sent on your way, how many of us would think we had just been arrested? I think that's the common sense point here. Well, how many would? I think the answer is very few. Unless you have a law degree. Yes, or talking in the Court of Appeal on a very technical definition. But in common parlance, a citation is very different than an arrest, and they're not the same thing. Good morning. May it please the Court, Brian Boutwell on behalf of the United States. You've got to face Judge Bennett on this. Be ready. I won't ignore the others. The criminal history portion of the sentencing guidelines is clearly one of the primary, if not the primary objective of that part, is to punish recidivist behavior. However, it's structurally under-inclusive because it simply can't capture all criminal conduct. Well, Mr. Boutwell, I disagree with that. A primary purpose of it is to make sure that criminal history isn't overrepresented. That's an equal purpose. And it also makes a very specific allowance in the Application Note 3 when there are situations where it would be under-counted. It gives guidance to the district courts for upward departures where the circumstances. So it kind of cuts both ways. And the bottom line is it promotes the fair counting of criminal history. I would agree with that. Okay. All right. If we look at it in those terms, if we were to carve out an exception for citations, it kind of leads to an odd result in this circumstance, section or subsection. When we're looking at the guidelines, our goal is to try to ascertain what the intent of the Sentencing Commission was with this language, right? Correct. Okay. So tell us what the intent was of the Sentencing Commission when this term was used in the context of calculating criminal history points. In very simple terms, what the commission wanted to do is give the district courts a very clear decision-making ability as to what to include and what not to include. And basically, you need to include all those incidences of prior criminal conduct where the individual, in the words of the Morgan Court, has been caught red-handed and then successfully prosecuted. But we have that word arrest in there, and we don't have any indication as to whether that applies to a citation in the notes or anything. So that's where we are in terms of trying to figure out what the intent was of the Sentencing Commission when there's a citation and the word used is arrest. So could you help us with that? And I think there's a common problem between the colloquial use of the term arrest. As the Court said earlier, I don't think prior to receiving the speeding ticket that you would have considered receiving that ticket would be an arrest. But after having read the actual citation, then you would have a different interpretation of what arrest is. So there's colloquial use of the term arrest, and then there's the very specific one here. And the Court didn't tag anything else onto it. They didn't call it an intervening custodial arrest. They didn't carve out citations, even though when the guidelines were amended in 2000, which was subsequent to when Morgan was decided. Well, what's your response to opposing counsel's observation that the California Penal Code specifically defines arrest as being taken into custody? The case law dealing with California Penal Code Section 834, there's cases in there that specifically talk about what constitutes custody versus not. I don't have the citation before me. I'd be happy to provide the Court with that in a letter. But basically the case law talks about a person is in custody when they're submitted to the authority of a police officer. And as the Court mentioned earlier, when they don't feel free to leave, that's when they're in custody. And I think the same applies in the context of what we have here of being pulled over and then in custody while the citation is being read. Mr. Bott, well, I wanted to return to an observation that you made about the analysis of the Court and the Morgan decision, and that was that Mr. Morgan was caught red-handed. What does the strength of the evidence regarding a citation have to do with whether a citation is an arrest or not? Well, if you look at it in terms of, and I know the Court discussed Wren earlier, and that's the support that the Morgan Court uses for saying that traffic stops in this circumstance are an arrest in what they call the federal parlance. And they discussed Wren, and also another Seventh Circuit case, United States v. Childs, which is, again, interpreting Wren. And they talked about the fact that a Terry stop or a traffic stop becomes an arrest when it's based on probable cause. In the context of driving on a suspended license, it's more than likely that the officer didn't pull the individual over for that reason. But during the course of that stop and investigation, it's determined that the person is driving on a suspended license. That's the probable cause. So at that point, I would submit that at that point it becomes an arrest for the purposes of the sentencing. Because he had probable cause? Well, clearly, you wouldn't have been able to issue the citation without probable cause. Well, he had to have probable cause to pull him over. Right, which could have been completely separate from the issuance of the citation. Okay, so let me give you a hypothetical. Let's take Wren. Pull over Mr. Wren. The officer pulled him over because he had stopped at an intersection for 20 seconds and then sped away. When he approaches the car in Wren, Wren lowers the window, I think it's Michael Wren, lowers the window, and he's holding crack cocaine. Obvious probable cause. Let's change the facts a little bit. He lowers the window, there's no cocaine, the officer asks for his identification and registration, briefly detains him, recognizes that he sped away and he could cite him for speeding, but decides he's a nice guy and they have a nice conversation and just sends him on his way. Has he been arrested and then unarrested? Or is it just the issue of the citation, the piece of paper that turns it into an arrest? Well, the problem in those circumstances is that we're almost kind of trying to bootstrap Fourth Amendment and Fifth Amendment implications with this, which is clearly not implicating the Fourth Amendment. It's just a guideline for the district courts to determine whether or not to count an offense. So in that case as to whether the person was arrested or unarrested would be very apropos in determining the appropriateness of police conduct and doing a search incident for arrest and other things under the Fourth and Fifth. But that's not implicated here. It's just a situation of whether or not the individual was apprehended, whether his criminal conduct was halted, whether it was arrested or not. Well, doesn't your argument presuppose that the Sentencing Commission lacks the ability to add the phrase arrest or citation? No. In fact, I argue the opposite in the government's brief, that the Sentencing Commission would clearly, you know, it's a common principle of legislative construction that when there's previous law, the legislation is presumed to know about it. You have to presume that the commission, when they amended the section in 2007, that they were aware of Morgan. Well, wouldn't they have been aware of Iowa v. Knowles and Berkemeyer? Both of which implicate Fourth and Fifth Amendment. Yeah, but both of which are Supreme Court cases that distinguish between arrest and citation. In the context of the Fourth or Fifth Amendment. Not in the context as to whether or not it should be counted under the sentencing guidelines. Well, why should it have a different meaning? Because it's really looking at the conduct of the individual. Fourth or Fifth Amendment really defines police conduct, not really the conduct of the subject or the defendant. I think that's an important distinction. Thank you.
judges: Aldrich, Bennett, Goodwin